THE STATE OF OHIO, APPELLANT, *v.* BUTLER, APPELLEE.

[Cite as State *v.* Butler (1984), 9 Ohio St. 3d 156.]

(No. 83-60—Decided February 15, 1984.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Christian J. Schaefer* and *Mr. Raymond C. Groneman,* for appellant.

*Messrs. Sirkin, Pinales & Schwartz* and *Mr. Martin S. Pinales,* for appellee.

*Per Curiam.* The issue presented in this appeal is whether the identity of the police informant who negotiated the transaction resulting in appellee's arrest and conviction must be revealed in light of *State* v. *Williams* (1983), 4 Ohio St. 3d 74, and its predecessors. We hold that *Williams* does not require divulgence of this informant's identity, and thus reverse the judgment of the court of appeals.

In *State* v. *Williams, supra,* this court held:

"The identity of an informant must be revealed to a criminal defendant when the testimony of the informant * * * would be helpful or beneficial to the accused in preparing or making a defense to criminal charges."

In *Williams,* we ruled that such testimony was not critical because the crime took place in full view of the police officer. We distinguished *State* v. *Phillips* (1971), 27 Ohio St. 2d 294 [56 O.O.2d 174], where divulgence was ordered, by the fact that in *Phillips* only the informant was present with the defendant when the crime allegedly occurred. The *Williams* and *Phillips* standards necessarily require an analysis of each case's facts and circumstances as to whether the proffered reasons for abrogating the informant's confidentiality are valid.

In the case at bar, although the defense of entrapment was raised numerous times by appellee, there is no record of what occurred between him and the informant that might constitute entrapment. Appellee twice had the opportunity to present such evidence in response to the trial judge's inquiry, and having failed to do so, was denied discovery of the informant's identity. The only one in court who knew the details of the conversations between appellee and the informant was the appellee himself. The trial judge was not required to speculate as to the specifics of these conversations and relate them to the elements of entrapment. We therefore hold that the trial judge was correct in refusing to order divulgence of the informant's identity.

Accordingly, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., LOCHER, HOLMES and J. P. CELEBREZZE, JJ., concur.

W. BROWN, SWEENEY and C. BROWN, JJ., dissent.

WILLIAM B. BROWN, J., dissenting. The decisions of this court in *State* v.

*Roe*,[1] *State* v. *Beck*,[2] *State* v. *Phillips*[3] and most notedly in the recent case of *State* v. *Williams*[4] mandate that the state be compelled to disclose the identity of the informant to the accused under the facts of this case and I must thus respectfully dissent.

This court has previously held that, in determining whether the identity of an informer must be disclosed, there must be a balancing of the competing interests between the accused and the law enforcement officers and that disclosure is required if it would be beneficial or helpful to the accused in preparing a defense. *Williams, supra,* at 75-76. Contrary to the majority, I cannot find, on balance, that there is adequate proof that the rights of the state outweigh the rights of the accused in this case or that disclosure is not a defense necessity.

Indeed, the facts of this case present an even more compelling need for disclosure of the informant's identity than those in *Williams*. The accused in this case, unlike in *Williams*, claimed entrapment as a defense. The majority finds that "* * * there is no record of what occurred between * * * [the accused] and the informant that might constitute entrapment." I disagree. The record in this case clearly reveals that the informant set the stage for the crime since the informant was the original contact with the accused, persuaded the accused to get the marijuana, arranged the selling price with the accused, and arranged for a meeting and introduced the undercover agent to the accused. The record also indicates that the accused refused the informant's request to get quaaludes for her and had refused many times to supply the informant with marijuana despite her persistent requests. Further, the record reveals that the narcotics agent was contacted by, and the sale set up by, a female confidential informant. Unquestionably, all of these factors are highly relevant and material to an entrapment defense.

To require more proof from the accused, as does the majority herein, puts the accused in a frustrating and perhaps even impossible position. As was noted in *State* v. *Castro* (1970), 13 Ariz. App. 240, 242, 475 P. 2d 725, 727, "the very nature of the problem confronting the defendant makes it impossible for him to state *facts* which would show the materiality of the informant's testimony since the defendant does not know the identity of the informant. He cannot, therefore, possibly state factually what the informant will say if he is required to testify. * * * All the defendant is required to do is to demonstrate a reasonable possibility that an anonymous informant could give evidence on the issue of guilt which might result in his exoneration. Depriv-

---

[1] (1971), 26 Ohio St. 2d 243 [55 O.O.2d 480].

[2] (1963), 175 Ohio St. 73 [23 O.O.2d 377], reversed on other grounds (1964), 379 U.S. 89.

[3] (1971), 27 Ohio St. 2d 294 [56 O.O.2d 174].

[4] (1983), 4 Ohio St. 3d 74.

ing the defendant of the opportunity of producing evidence which *might* result in his exoneration is what constitutes the error." (Emphasis *sic*.)

A lucid comment on the defense burden was made by Chief Justice Traynor of the California Supreme Court in *People* v. *Perez* (1965) (en banc), 62 Cal. 2d 769, 773-774, 401 P. 2d 934, 936: "[t]hey need not prove conclusively before disclosure the very fact they seek to obtain through disclosure. Such certainty of proof is not required as a foundation for obtaining the identity of an informer who might be helpful to the defense of the accused."

Not only did the accused establish that the identity of the informant was a defense necessity, but also there is no evidence that the rights of the state outweighed, on balance, the rights of the accused so as to support nondisclosure. It is indeed noteworthy that the state never asserted any privilege to withhold the identity of the informant, as was the case in *Williams*. No evidence was presented whatsoever that the informant was an active police source or that the life of the informant would be endangered as a result of disclosure. Under the facts of this case, the balance must be struck in favor of the accused.

As evidenced above, the accused has clearly shown that nondisclosure of the identity of the informant will prejudice his case and deny him a fair trial. Based on this record, I would affirm the holding of the court of appeals that the trial court erred in failing to compel disclosure of the informant's identity.

SWEENEY and C. BROWN, JJ., concur in the foregoing dissenting opinion.