THE STATE, EX REL. LEIS, PROS. ATTY., APPELLANT, *v.*
KRAFT, JUDGE, APPELLEE.

[Cite as State, ex rel. Leis, *v.* Kraft (1984), 10 Ohio St. 3d 38.]

(No. 83-261—Decided March 28, 1984.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Christian J. Schaefer,* for appellant.

*Messrs. Dugan & James* and *Mr. Daniel J. James,* for appellee.

*Per Curiam.* Appellant contends that the appellee's order was contrary to law because there was no showing that the disclosure of the informant would be helpful and beneficial to the defense.

The record reveals that a hearing was held by the appellee prior to trial in response to the criminal defendant's motion to require the disclosure of the name and address of the state's confidential informant. After hearing testimony from police officers and the defendant, the court found "that there is sufficient evidence before the Court to suggest a valid entrapment defense. The Court finds that the information requested * * * [is] necessary, relevant

and compelling in the preparation of this defense and * * * [is] sufficient to justify disclosure."

The balancing of the arresting authority's interest in protecting its source of information against the individual's right to prepare his defense was addressed in *Roviaro* v. *United States* (1957), 353 U.S. 53, 60-61, wherein it was stated that "[w]here the disclosure of the informer's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way."

This qualification of the privilege of immunity and the basis for establishing such qualification have been applied by this court in *State* v. *Phillips* (1971), 27 Ohio St. 2d 294 [56 O.O.2d 174], and approved, though determined not applicable, in *State* v. *Williams* (1983), 4 Ohio St. 3d 74, and *State* v. *Butler* (1984), 9 Ohio St. 3d 156. While *State* v. *Beck* (1963), 175 Ohio St. 73 [23 O.O.2d 377], cited by appellant, denied disclosure, the basis therein for seeking the identity of the informant was for impeachment purposes and was not for the purpose of presenting a relevant defense.

The appellee's action, as reflected in his order requiring disclosure, demonstrates application of the proper criteria for determination of whether the name and address of the confidential informant should be revealed. As we stated in *Butler, supra,* at 157, "[t]he *Williams* and *Phillips* standards necessarily require an analysis of each case's facts and circumstances as to whether the proffered reasons for abrogating the informant's confidentiality are valid." Inasmuch as the appellee made his evaluation of the testimony consistent with established standards, the appellant fails to show any clear legal duty of appellee to set aside or vacate his order requiring disclosure. Thus, appellant has failed to prove an essential element which is required before a writ of mandamus will be issued. See *State, ex rel. Westchester,* v. *Bacon* (1980), 61 Ohio St. 2d 42 [15 O.O.3d 53].

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, J., concurs in judgment only.