## State v. Menter
*[Cite as 4 AOA 151]*

*Case No. CA-8015*
*Stark County, (5th)*
*Decided June 25, 1990*

*Robert D. Horowitz, Prosecuting Attorney, Stark County, Ohio, Ronald Mark Caldwell, Assistant Prosecutor, P.O. Box 20049, Canton, Ohio 44701, for Plaintiff-Appellee.*

*Richard R. Kuhn, 1428 Market Avenue North, Canton, Ohio 44714, for Defendant-Appellant.*

MILLIGAN, P.J.

Following a trial by jury in the Stark County Court of Common Pleas, appellant Chris Menter was convicted of aggravated trafficking in violation of R.C.2925.03(A)(5). The trial court

sentenced him to an indeterminate sentence of five to fifteen years, with three years actual incarceration. Appellant appeals the verdict and sentence, assigning six errors:

"*ASSIGNMENT OF ERROR I*
"THE FAILURE OF THE STATE TO DISCLOSE THE IDENTITY OF ITS SECRET INFORMANT DEPRIVED APPELLANT OF HIS RIGHT TO CONFRONT HIS ACCUSERS UNDER THE SIXTH AMENDMENT AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE U. S. CONSTITUTION.

"*ASSIGNMENT OF ERROR II*
"THE JURY FINDING THAT APPELLANT HAD NOT PROVEN THE DEFENSE OF ENTRAPMENT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

"*ASSIGNMENT OF ERROR III*
"THE TRIAL COURT'S FAILURE TO GIVE THE PROPER ENTRAPMENT JURY INSTRUCTION VIOLATED HIS RIGHT TO DUE PROCESS PURSUANT TO THE FOURTEENTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

"*ASSIGNMENT OF ERROR IV*
"THE JURY FINDING THAT APPELLANT KNOWINGLY SOLD OR OFFERED TO SELL IN EXCESS OF BULK BUT NOT THREE TIMES BULK IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

"*ASSIGNMENT OF ERROR V*
"FAILURE OF THE TRIAL COURT TO SENTENCE APPELLANT TO A THREE YEAR DETERMINATE SENTENCE PURSUANT TO OHIO REVISED CODE 2925.03 CONSTITUTES PLAIN ERROR.

"*ASSIGNMENT OF ERROR VI*
"THE LOWER COURT'S REFUSAL TO ADHERE TO THE FACTORS IN THE SENTENCING FOUND IN OHIO REVISED CODE 2929.12(C) DEPRIVED HIM OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

A confidential informant introduced appellant to a police officer, who was working as an undercover narcotics agent, at a restaurant-bar. Over lunch, appellant told them that he could get them quality cocaine at a reasonable price.

Appellant gave the officer his business card, telling the officer to contact him at the auto dealership where' he worked if he was interested in buying cocaine.

One month later, the officer stopped at the dealership and told appellant he was still in the market to buy drugs. Several hours later, the officer and appellant met in the same bar to discuss price and quantity of cocaine. Appellant mentioned several quantities of cocaine, but could not quote a definite price due to price fluctuations.

Later that day, appellant telephoned the officer. Appellant told the officer he would introduce him to a fellow employee of the auto dealership, who would sell him the cocaine. Appellant phoned two more times that afternoon to confirm the sale. The officer bought the cocaine at appellant's apartment as arranged by appellant.

Appellant called the officer later that day, expecting to receive some of the cocaine for setting up the deal.

At trial, appellant testified that he used cocaine, buying it from the co-employee involved in the sale to the officer. Appellant also testified that he knew the name of the informant. He admitted to allowing his apartment to be used for the sale.

I

Appellant argues that the State's failure to disclose the identity of the informant deprived him of his Sixth Amendment right of confrontation and his Fourteenth Amendment right to due process.

In determining if nondisclosure is erroneous, the government's interest in effective law enforcement must be balanced against the defendant's right to a fair trial. *Roviaro v. U.S.* (1957), 353 U.S. 53, 59-61. The identity of an informant must be revealed when the informant's testimony is vital to establishing an element of the crime or would be helpful in preparing a defense. *State v. Williams* (1983), 4 Ohio St. 3d 74, at syllabus, 446 N.E. 2d 779.

This case is similar to *State v. Butler* (1984), 9 Ohio St. 3d 156, 459 N.E. 2d 536. The defense in *Butler* was entrapment. The informant in *Butler* had allegedly had numerous conversations with the defendant to set up the buy. The court held that disclosure of the informant's identity was not required. *Id.* at 157.

In this case, the informant served only to introduce the police officer to appellant. While appellant testified that the informant snorted

cocaine with him and telephoned him about drug deals, he has not shown specifically how the informant's testimony would have aided his defense of entrapment. In addition, appellant admitted at trial that he knew the informant's name.

The first assignment of error is therefore overruled.

## II

Appellant argues that the jury's finding that appellant had not proven the defense of entrapment is against the manifest weight of the evidence.

In reviewing a claim that a jury verdict was against the manifest weight of the evidence, a reviewing court's duty is limited to a determination of whether there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt. *State v. Brown* (1988), 38 Ohio St. 3d 305, at syllabus 4, 528 N.E. 2d 523, *cert. denied* (1989), 103 L. Ed. 2d 239.

In order to prove entrapment, a defendant must prove that government officials implanted in his mind the disposition to commit the alleged offense. *State v. Doran* (1983), 5 Ohio St. 3d 187, at syllabus 1, 449 N.E. 2d 1295. In other words, he must show that he was not predisposed to commit the crime. The court in *Doran* listed five factors which are relevant on the issue of predisposition:

"(1) previous involvement in criminal activity of the nature charged.

"(2) ready acquiescence to inducements offered by the police.

"(3) expert knowledge in the area of the criminal activity.

"(4) ready access to contraband, and

"(5) willingness to be involved in the criminal activity." *Id.* at 192.

Appellant admitted to using and buying cocaine in the past. Appellant telephoned the officer twice before the sale and once after. Appellant indicated that he expected a portion of the cocaine as payment for arranging the deal. Appellant was familiar with the terminology and pricing of the methods of the cocaine business. He arranged the sale only six hours after the officer's inquiry about buying the cocaine. He allowed his apartment to be used for the buy.

There is abundant evidence from which the jury could have concluded that appellant was predisposed to commit the crime.

The second assignment of error is overruled.

## III

Appellant specifically argues that the court erred in failing to repeatedly charge the jury that "police officers" include informants.

A trial court does not need to give requested instructions in a criminal case verbatim. *State v. Nelson* (1973), 36 Ohio St. 2d 79, at syllabus 1, 303 N.E. 2d 865. However, if the requested instructions contain a correct and pertinent statement of the law and are appropriate to the facts of the case, they must be included at least in substance in the charge to the jury. *Id.* The court may use its own language to communicate the same legal principles. *State v. Scott* (1987), 41 Ohio App. 3d 313, 317, 535 N.E. 2d 379.

Appellant concedes that the trial court correctly instructed the jury that "[e]ntrapment occurs when a police officer or informant plants in the mind of the Defendants the original idea, or purpose..." The remainder of the charge used only the words "police officer" or "officer." The charge correctly instructed the jury that entrapment may be committed by police officers or informants.

The third assignment of error is overruled.

## IV

In reviewing a claim that a jury verdict is against the manifest weight of the evidence, the court's duty is to determined whether there was sufficient evidence for the jury to find the defendant guilty beyond a reasonable doubt. *Brown,* 38 Ohio St. 3d at syllabus 4. Appellant argues that there was no evidence presented to the jury that he knew how much cocaine was sold to the agent.

The amount of cocaine sold was half an ounce, equaling approximately fourteen grams. Appellant had specifically discussed an eighth, a quarter, and a half ounce of cocaine with the officer. Appellant discussed prices with the officer; however, he could not quote a definite price due to fluctuations depending on availability and quality of the cocaine. The person with whom appellant arranged the sale was a co-employee of appellant, and appellant had bought cocaine from him in the past. Appellant allowed the sale to take place in his apartment. Appellant was in contract with both the man who made the sale and the officer throughout the afternoon in which the sale took place. There was therefore sufficient evidence from which the jury could reasonably have inferred that appellant knew that the officer was purchasing half an ounce of cocaine.

The fourth assignment of error is overruled.

## V

Appellant claims that under R.C.2925.03(C)(5) the trial court only had the authority to sentence him to a determinate term of incarceration instead of an indefinite term. Appellant relies on *State v. Russo* (Feb. 25, 1988), Cuyahoga App. No. 53571, unreported, for the proposition that it is plain error to give an indeterminate sentence for a violation of R. C. 2925.03(A)(5).

This court has held that *Russo* was overruled by *State v. Smith* (1989), 42 Ohio St. 3d, 60. *State v. Mills* (Feb. 6, 1990), Stark App. No. CA-7872, unreported. The term of actual incarceration is in addition to, and not instead of, the sentence imposed for a second degree felony.

On the authority of *Smith* and *Mills,* the fifth assignment of error is overruled.

## VI

In this assignment of error, appellant argues that the court erred in not specifically addressing the sentencing factors in R.C. 2929.12(C), particularly because a presentence investigation report was not ordered. This argument is without merit. In *State v. Adams* (1988), 37 Ohio St. 3d 295, 297, 525 N.E. 2d 1361, the Ohio Supreme Court stated that "a silent record raises the presumption that a trial court considered the factors contained in R. C. 2929.12." The decision as to whether to order a presentence report lies within the sound discretion of the trial court. *Id.* Absent a request for a report, no grounds for appeal will lie for failure to order such a report, absent exigent circumstances. *Id.*

Nothing in the record defeats the presumption that the trial court considered the sentencing factors in R.C. 2929.12(C). The sixth assignment of error is overruled.

The judgment and sentence of the Stark County Court of Common Pleas is affirmed in all respects.

*Judgment affirmed.*

HOFFMAN, J., and GWIN, J., concur.