The STATE of Ohio, Appellee,

v.

BARGER, Appellant.

[Cite as *State v. Barger* (1992), 84 Ohio App.3d 409.]

Court of Appeals of Ohio,
Clermont County.

No. CA92–06–067.

Decided Dec. 21, 1992.

410

*Donald W. White,* Clermont County Prosecuting Attorney, and *David Henry Hoffmann,* Assistant Prosecuting Attorney, for appellee.

*R. Daniel Hannon,* Clermont County Public Defender, and *W. Stephen Haynes,* Assistant Public Defender, for appellant.

---

JONES, Presiding Judge.

Defendant-appellant, Paul E. Barger, appeals his conviction for trafficking in marijuana within one thousand feet of school premises in violation of R.C. 2925.03(A)(1). Having been previously convicted of an offense of violence, appellant was sentenced to two to ten years' imprisonment and fined $1,500.

The record indicates that at 12:30 p.m. on April 3, 1991, Karen Carter, a BCI undercover agent, met appellant and one Gary Clifton, now deceased, at a Clermont County convenience store to purchase marijuana. The purchase had been arranged by a confidential informant. The informant drove Carter to the site, located three hundred seventy-five feet from a vocational school. Carter's partner and fellow BCI agent, Karen Rebori, witnessed the transaction from another vehicle positioned nearby. Rebori did not participate because she unsuccessfully attempted to purchase marijuana from appellant on a previous occasion.

As appellant and Clifton stood next to the informant's automobile, Clifton produced the marijuana from his pocket and handed it to the informant, who gave it to Carter. Carter then gave the informant a fifty dollar bill and the informant, in turn, gave the money to appellant. Following the sale, Carter asked if additional marijuana could be purchased and appellant responded affirmatively. Although Rebori could not identify appellant from where she observed the purchase, she obtained the license number of the suspects' vehicle and subsequently determined that the vehicle was registered to appellant. Shortly after the two suspects left, Carter identified appellant from a photograph that Rebori showed her.

Appellant claimed alibi and mistaken identity as defenses. Appellant and James Bay testified that "on or about April 3," appellant was at home while Clifton borrowed appellant's automobile. According to Bay, Clifton said he needed the vehicle to conduct a marijuana sale. The jury rejected appellant's defenses and found him guilty as charged. On appeal, appellant claims the following as error:

Assignment of Error No. 1:

"The trial court erred to the substantial prejudice of defendant-appellant by not ordering the state to disclose the identity of their [*sic*] informant."

Assignment of Error No. 2:

"The trial court erred to the substantial prejudice of defendant-appellant by not dismissing the portion of the charge that defendant-appellant committed the offense within one thousand feet of the boundaries of school premises for the reason that it is void for vagueness."

Assignment of Error No. 3:

"The verdict was against the manifest weight of the evidence."

In his first assignment of error, appellant claims the trial court erred by denying his motion for disclosure of the informant's identity. Appellant argues that he is entitled to know the informant's identity because the informant participated in the sale, Carter was the only witness who identified appellant as a participant in the sale, and appellant raised the defenses of alibi and mistaken identity.

An informant's identity must be revealed to a criminal defendant where the informant's testimony is (1) vital to establishing an element of the crime, or (2) helpful or beneficial to the accused in the preparation of a defense. *State v. Williams* (1983), 4 Ohio St.3d 74, 77, 4 OBR 196, 198-199, 446 N.E.2d 779, 782. See, also, *State v. Butler* (1984), 9 Ohio St.3d 156, 9 OBR 445, 459 N.E.2d 536. The defendant bears the burden of establishing the need for disclosure. *State v. Parsons* (1989), 64 Ohio App.3d 63, 69, 580 N.E.2d 800, 804.

Although the informant arranged the purchase, drove Carter to the purchase site, and passed the marijuana and cash between appellant and Carter, Carter witnessed the entire transaction and was the actual party making the purchase. Thus, the case at bar does not involve a situation where no police were present at the purchase and proof of an element of the crime is dependent upon the informant's testimony. See *Williams, supra.*

Furthermore, Carter unequivocally made a positive photograph identification of appellant shortly after the purchase and further identified appellant by his distinguishing physical features. There is no requirement that Carter's identification be corroborated. In addition, Bay, appellant's alibi witness, was not sure of the exact date when Clifton borrowed appellant's automobile and testified that Clifton came to appellant's home to borrow the vehicle at 3:00 or 4:00 p.m., hours after the transaction occurred. Thus, appellant's alibi is more like an unsupported assertion that he "simply was not there" and the informant's testimony would not be beneficial or helpful in supporting Bay's testimony.

Given these circumstances, the trial court did not err in refusing to disclose the informant's identity and appellant's first assignment of error is overruled.

■ In his second assignment of error, appellant claims that the penalty-enhancing language of R.C. 2925.03 is unconstitutionally vague for failing to define the prohibited conduct in such a manner that an individual of ordinary intelligence may understand it.

A violation of R.C. 2925.03(A)(1) constitutes a fourth degree felony. R.C. 2925.03(E)(1). However, " * * * if the offender commits the offense on school premises, in a school building, or *within one thousand feet of the boundaries of any school premises * * ** " the offense is a third degree felony. (Emphasis added.) *Id.* Appellant claims this language is unconstitutionally vague since it fails to adequately define "school," "premises" or "boundaries." We disagree.

"School," "school premises" and "school building" are all specifically defined by statute. See R.C. 2925.01(Q), (R) and (S), respectively. Since "school premises" is defined in terms of a "parcel of real property," R.C. 2925.01(R), a person of ordinary intelligence would understand that as it relates to school premises, boundaries refer to the property lines or that which marks off or divides one parcel of real estate from another. See *In re Jones Petition* (1911), 11 Ohio N.P. (N.S.) 241, 247, 21 Ohio Dec. 647, 653.

We also note that similar federal "schoolhouse" drug legislation has withstood a vagueness challenge on constitutional grounds. See *United States v. Rodriguez* (C.A.3, 1992), 961 F.2d 1089, 1095 (federal school yard statute, Section 8452[a], Title 21, U.S.Code [recodified as Section 860(a), Title 21, U.S.Code] held not unconstitutionally vague). Furthermore, the Montgomery County Court of Appeals recently held that the schoolyard provisions of R.C. 2925.03 were intended to protect school children from the same dangers of drug activity as those contemplated by Congress in enacting federal legislation. *State v. Altick* (1992), 82 Ohio App.3d 240, 611 N.E.2d 863.

Inasmuch as the Ohio statute contains adequate definitions, and its federal counterpart has withstood a similar constitutional challenge, we find no merit to appellant's claim that the schoolyard provisions of R.C. 2925.03 are void for vagueness. Appellant's second assignment of error is overruled.

■ In his final assignment of error, appellant claims his conviction was against the manifest weight of the evidence. In reviewing a challenge to a conviction upon these grounds, an appellate court will " * * * examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." *State v. Jenks* (1992), 61 Ohio St.3d 259, 273, 574 N.E.2d 492, 503.

■ In the case at bar, Carter testified that appellant took and pocketed the money with which she purchased the marijuana. Carter also positively identified appellant from his photograph shortly after the sale, and Rebori noted appellant's

ownership of the vehicle the suspects used to leave the scene. Upon consideration of the foregoing, we conclude that reasonable minds could be convinced of appellant's guilt beyond a reasonable doubt. Appellant's conviction is not against the manifest weight of the evidence and his third assignment of error is overruled.

*Judgment affirmed.*

WILLIAM W. YOUNG and WALSH, JJ., concur.