DECISION.
This is a state's appeal from an order of the trial court requiring the state to disclose the identity of a confidential informant. Because we reverse the decision of the trial court, wesua sponte remove this case from the accelerated calendar.
Daniels and his co-defendant were observed outside of an apartment over the course of seventy-two hours engaging in what appeared to the police to be drug-related activity. The two were observed taking money from and giving something to persons who would walk up to where they were sitting. Based upon these observations, the police used a confidential informant to make a controlled buy of drugs from Daniels and his co-defendant. Rather than making his purchase of drugs in front of the apartment, the confidential informant purchased cocaine inside of the apartment, beyond the view of the police.
As a result of this controlled buy, the police, on May 2, 1999, obtained a search warrant authorizing entry into the apartment. The police executed the search warrant just after midnight on May 3, 1999. Inside the apartment, the police found the co-defendant and his girlfriend, along with cocaine. Daniels, although not present at the time of the search, was subsequently indicted for preparation of cocaine for sale and for possession of cocaine.
Daniels filed a motion to compel the state to disclose the identity of the confidential informant so that he could be called to testify at trial. The trial court granted this motion, but the state was granted leave to appeal this decision. The standard of review that we apply to this case is whether the trial court abused its discretion in ordering the state to disclose the identity of the confidential informant. See State v.Brown (1992), 64 Ohio St.3d 649, 597 N.E.2d 510; Statev. Feltner (1993), 87 Ohio App.3d 279, 281, 622 N.E.2d 15,17, citing State v. Bulter (1984), 9 Ohio St.3d 156,459 N.E.2d 536; State v. Parsons (1989), 64 Ohio App.3d 63,580 N.E.2d 800; see, also, United States v. Diaz (C.A.5, 1981), 655 F.2d 580.
The test that the trial court must apply in determining a defense motion to compel disclosure of the state's confidential informant is whether the proposed testimony of the confidential informant will assist the defendant in establishing a defense at trial, or whether such testimony will be essential to establishing an element of the crime. See State v.Williams (1983), 4 Ohio St.3d 74, 446 N.E.2d 779, syllabus. Mere speculation or the possibility that the informant might be of some assistance is not enough to show that the testimony of the informant would be helpful in preparing a defense. SeeFeltner, supra. If the confidential informant was the only eyewitness to or participated in the crimes, or if the confidential informant's testimony would assist in an alibi defense, then the state should disclose the identity of the informant. See State v. Williams (1995), 73 Ohio St.3d 153,172, 652 N.E.2d 721, 736-737.
The defendant has the burden to show a particularized need for the confidential informant's identity in order to overcome the privilege against disclosure. See Feltner,supra; Parsons, supra; State v.Barger (1992), 84 Ohio App.3d 409, 616 N.E.2d 1176. The trial court must then balance, on a case-by-case basis, the defendant's right to present witnesses with the state's right to protect the identity of its confidential informant. SeeBrown, supra; State v. Williams
(1995), 73 Ohio St.3d 153, 172, 652 N.E.2d 721, 737.
In this case, the confidential informant was used by the police to make a controlled purchase of drugs, which then established a basis for the issuance of a search warrant. Daniels claimed that disclosure of the identity of the confidential informant was essential to his defense, because only the confidential informant could testify that Daniels was not present at the time of the controlled buy. Although such testimony would have been essential to Daniels if he had been charged with trafficking in cocaine, testimony regarding whether he was present at the time of the controlled buy was immaterial to a determination of whether Daniels otherwise possessed cocaine or prepared it for sale. The fact that Daniels was not present at the time the search warrant was executed could be brought out on cross-examination of the police officers during a trial. The state's case would then turn on the weight and sufficiency of the circumstantial evidence of constructive possession of the cocaine and its preparation for sale.
We hold that, under the facts of this case, the testimony of the confidential informant was not essential to establishing a defense at trial, and that such testimony was not vital to establishing an element of either crime charged. Consequently, we hold that the trial court abused its discretion in ordering the disclosure of the confidential informant's identity. Therefore, the judgment of the trial court is reversed, and this cause is remanded for further proceedings.
Judgment reversed and cause remanded.
 GORMAN, P.J., and SUNDERMANN, J., concur.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.