OPINION
{¶ 1} Defendant-appellant, Melissa Mahan, appeals her convictions for three counts of trafficking in marijuana[1] and two counts of permitting drug abuse following a jury trial in the Butler County Court of Common Pleas. We affirm the trial court's decision.
 {¶ 2} In March 2002, Drug and Vice Agent Randy Lambert of the Butler County Sheriff's Department arranged through a confidential informant to buy marijuana from appellant. Appellant was a manager of the Kentucky Fried Chicken ("KFC") located at 800 Main Street in Hamilton, Ohio. The confidential informant had been a previous employee of appellant's at KFC.
 {¶ 3} On March 20, 2002, Lambert first met appellant when he and the informant drove to KFC where they met with appellant. After a brief conversation over the counter, appellant emerged from the kitchen door and handed the informant a package, which contained a small amount of marijuana. No money was exchanged.
 {¶ 4} On March 21, 2002, Lambert and the informant returned to KFC where they met appellant in the parking lot. Appellant approached Lambert's vehicle and handed the informant what she said was a quarter ounce of marijuana. In return, the informant handed her $30 in cash. Lambert later tested the item and found it to be 8.63 grams of marijuana.
 {¶ 5} On the afternoon of March 25, 2002, Lambert and the informant returned to KFC. Appellant met them in the parking lot and handed the informant an envelope, for which the informant gave her $30 in cash. Lambert tested the item and found it to be 7.55 grams of marijuana. Later that evening, Lambert and the informant returned to KFC. Appellant met them in the parking lot and Lambert inquired about purchasing an ounce of marijuana. Appellant told Lambert that she could not get that quantity, but did have some at home. They negotiated a deal for a "quarter bag" for $30.
 {¶ 6} Appellant drove home and returned to the KFC parking lot approximately 20 minutes later with a package of marijuana. Upon completing the transaction with Lambert, she was arrested. Lambert later tested the item sold to him and found it to be 9.92 grams of marijuana.
 {¶ 7} Appellant was indicted for three counts of trafficking in marijuana pursuant to R.C. 2925.03(A)(1) and two counts of permitting drug abuse pursuant to R.C. 2925.13(A). The matter went to trial on August 26, 2002. Appellant argued the affirmative defense of entrapment. The jury found appellant guilty on all counts. Appellant appeals her convictions raising three assignments of error.
Assignment of Error No. 1
 {¶ 8} "THE REFUSAL OF THE TRIAL COURT TO GIVE DEFENDANT'S REQUESTED JURY INSTRUCTIONS ON ENTRAPMENT MATERIALLY PREJUDICED APPELLANT."
 {¶ 9} Appellant argues that the trial court abused its discretion in refusing to use her requested jury instructions concerning entrapment.
 {¶ 10} We review the trial court's refusal to give the requested jury instructions for an abuse of discretion. State v. Wolons (1989),44 Ohio St.3d 64, 68. Abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
 {¶ 11} "In a criminal case, if requested special instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge." City ofCincinnati v. Epperson (1969), 20 Ohio St.2d 59, at paragraph one of the syllabus. However, the trial court does not have to give the defendant's requested instructions to the jury verbatim. State v. Sneed (1992),63 Ohio St.3d 3, 10. It may use its own language to communicate the same legal principles. Id.
 {¶ 12} Here, appellant requested the trial court to instruct the jury that "[a]cts of an informant, who is actively soliciting one to engage in criminal activity on behalf of a police agency, are attributable to police for purposes of the defense of entrapment." Appellant argues that by not including this instruction, "the court watered down the instruction" by not clearly noting that acts of the informant are attributable to the police.
 {¶ 13} However, the trial court, when ruling not to include appellant's specific language noted that the "court has incorporated the language in every place that we talk about how entrapment occurs." The trial court stated that it included "informant" with "police officer" and "undercover agent" so that "it emphasizes when we include informant with police officer and undercover agent, * * * that anything the informant does * * * the jury considers as an act for the purposes of entrapment."[2]
 {¶ 14} The trial court did not "hide away" or "obscure" the relationship between the police and the informant, as appellant argues. Instead, the trial court included appellant's requested jury instructions in substance by placing the term "informant" with "police officer" and "undercover agent" so that the jury would recognize when considering each section of the jury instructions that the acts of the informant were also to be considered when determining whether appellant was entrapped. Because this language was included, the jury instructions clearly stated the correct legal principle regarding entrapment. The trial court did not abuse its discretion. Accordingly, appellant's first assignment of error is overruled.
Assignment of Error No. 2
 {¶ 15} "THE COURT'S REFUSAL TO PERMIT COUNSEL TO ARGUE THAT ACTS OF AN INFORMANT ARE ATTRIBUTABLE TO THE GOVERNMENT UNFAIRLY LIMITED DEFENSE'S CLOSING ARGUMENT, CONFUSED THE JURY AND WAS HIGHLY PREJUDICIAL TO THE DEFENSE."
 {¶ 16} Appellant argues that she was prevented from fully arguing during closing arguments that acts of an informant are attributable to "government officials for [the] purpose of the entrapment defense."
 {¶ 17} We have stated previously that both the prosecution and the defense have wide latitude in closing arguments. State v. Tumbleson
(1995), 105 Ohio App.3d 693, 699. The trial court determines "in the first instance" whether the permissible bounds of closing arguments have been exceeded. Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph three of the syllabus. We will not reverse its decision absent an abuse of discretion. Id. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary or unconscionable. Adams,62 Ohio St.2d at 157.
 {¶ 18} Contrary to appellant's assertion, her counsel did argue at length that the conduct of a confidential informant was attributable to the state for the purposes of entrapment. However, the trial court did not permit appellant's counsel to paraphrase a proposed jury instruction.
 {¶ 19} Here, appellant's counsel stated during closing arguments that he was "reading from the jury instructions * * *." Appellant's counsel later proceeded to read from a portion of appellant's requested jury instructions which the trial court had declined to give the jury in the wording suggested by appellant's counsel. The prosecutor objected to this and the trial court sustained the objection. The trial court did not abuse its discretion. Appellant's assignment of error is overruled.
Assignment of Error No. 3
 {¶ 20} "THE COURT'S REFUSAL TO REQUIRE THE STATE TO DISCLOSE THE IDENTITY OF THE CONFIDENTIAL INFORMANT CONSTITUTES REVERSIBLE ERROR."
 {¶ 21} Appellant filed a motion on the final morning of her trial for the disclosure of the informant. The trial court overruled the motion finding it untimely. Appellant maintains that she was prejudiced by this decision.
 {¶ 22} The identity of an informant must be revealed to a criminal defendant where the informer's testimony is (1) vital to establishing an element of the crime, or (2) helpful or beneficial to the accused in the preparation of a defense. State v. Butler (1984), 9 Ohio St.3d 156; Statev. Williams (1983), 4 Ohio St.3d 74, 77. The defendant bears the burden of establishing the need for disclosure. State v. Parsons (1989),64 Ohio App.3d 63, 69.
 {¶ 23} Here, the disclosure of the confidential informant was not vital in establishing an element of the crime. The confidential informant drove Lambert, the undercover officer, to the purchase site. Lambert witnessed and participated in the marijuana transactions. Therefore, the informant's testimony is not needed to establish an element of the crime. See State v. Barger (1992), 84 Ohio App.3d 409, 412.
 {¶ 24} Moreover, the evidence at trial demonstrated the identity of the confidential informant. Appellant was given a redacted copy of the informant's contract with the police and informed that he received $200 for his help as well as received consideration for a relative who had 18 pending felony charges. All of this information was presented to the jury for their consideration.
 {¶ 25} Additionally, where a defendant requests the identity of a confidential informant in the middle of trial, the motion has been found to be untimely made. State v. Young (Feb. 7, 1991), Montgomery App. No. 12011. We see no error in the trial court denying appellant's motion as being untimely. We find that the denial did not result in any prejudice to appellant. Appellant's third assignment of error is overruled.
 {¶ 26} The decision of the trial court is affirmed.
VALEN, P.J., and YOUNG, J., concur.
[1] Two of the three trafficking counts contained a forfeiture of property specification pursuant to R.C. 2925.42.
[2] {¶ a} Specifically, the trial court's promulgated jury instructions stated in pertinent part:
 UNLAWFUL ENTRAPMENT {¶ b} The Defendant denies that she intended, or formed a purpose, to commit any of the offenses charged. She claims that she is excused because she was entrapped by police.
{¶ c} DEFINED: Unlawful entrapment occurs when a police officer,informant or agent plants in the mind of the Defendant the original idea and purpose, inducing the Defendant to commit a crime that she had not considered and which otherwise she had no intention of committing or would not have committed but for the inducement by the police officer,undercover agent or informant.
{¶ d} If the Defendant did not herself conceive the idea of committing the offense, and it was suggested to her by the policeofficer, undercover agent or informant for the purpose of causing her arrest and prosecution, the Defendant must be found not guilty. Briefly, the whole criminal idea and purpose originates with the police, not with the Defendant.
{¶ e} WHEN NOT A DEFENSE: However, if the Defendant commits an offense while carrying out or attempting to carry out, even in part, her own idea or purpose to violate the law, there is no entrapment. Under those circumstances an entrapment is not unlawful and is not a defense even if the police officer, undercover agent or informant suggested the crime and provided the opportunity or facility or aided or encouraged its commission. If the Defendant is already disposed to commit the offense and acts pursuant to a criminal idea or a purpose of her own, then there is no entrapment and the Defendant may be found guilty.
{¶ f} A person is not entrapped when officers for the purpose of detecting crime merely present a Defendant with an opportunity to commit an offense. Under such circumstances, craft and pretense may be used bypolice officers, undercover agents or informants to accomplish such purpose. (Emphasis added.)