THE STATE OF OHIO, APPELLANT, *v.* BROWN, APPELLEE.

[Cite as *State v. Brown* (1992), 64 Ohio St.3d 649.]

---

(No. 91–1417—Submitted May 12, 1992—Decided September 9, 1992.)

*Robert D. Horowitz,* Prosecuting Attorney, and *Ronald Mark Caldwell,* for appellant.

*Randall M. Dana,* Ohio Public Defender, *John A. Bay* and *Shelly R. Smith,* for appellee.

WRIGHT, J. This case involves a narrow issue: whether a criminal defendant has a constitutional right to compulsory process over a potential witness who he believes acted as an informant in his case, and whose testimony, he asserts, would be relevant and aid in his defense. For the reasons that follow, we uphold the judgment of the court of appeals.

In *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779, we last addressed the issue of when the identity of a confidential informant must be disclosed to a criminal defendant. Quite simply, "[t]he identity of an informant must be revealed * * * when the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *Id.* at syllabus.

In applying *Williams* to quash the subpoena of the supposed informant, the trial court found that Brown had not made a clear showing that the informant's identity had been known or was known in the community or that the safety of the informant would not be at stake if the court required her presence before the court. The court found that Brown's need for the informant's testimony was outweighed by concerns for the protection of the identity of the informant.

We agree with the court of appeals that the trial court erred in quashing the subpoena without investigating further whether the person subpoenaed was indeed the confidential informant and, if so, whether her testimony would in any way aid Brown in his defense. Few rights are more fundamental than the right of an accused to present witnesses on his behalf. *Taylor v. Illinois* (1988), 484 U.S. 400, 408, 108 S.Ct. 646, 652, 98 L.Ed.2d 798, 810. The balance the court must strike between the defendant's right to compulsory process and the state's right to protect its informant's identity is so fine that a determination must come only after a thorough analysis of the facts of each case. See *State v. Phillips* (1971), 27 Ohio St.2d 294, 297–298, 56 O.O.2d 174, 176, 272 N.E.2d 347, 349–350. In order to ensure that an accused's right to compulsory process is protected, it thus is essential that a trial court make the necessary inquiries before concluding that the testimony of a witness subpoenaed would not be relevant to the accused's defense.

As we discussed in *Williams,* " * * * when the degree of participation of the informant is such that the informant virtually becomes a state's witness, the balance swings in favor of requiring disclosure of the informant's identity. Conversely, where disclosure would not be helpful or beneficial to the accused,

the identity of the informant need not be revealed." *Williams, supra*, at 76, 4 OBR at 197–198, 446 N.E.2d at 781. Here, the confidential informant was likely the sole person to witness the entire transaction; as the record reflects, the agent who observed the transaction did not hear the conversation between the informant and appellee, nor was his observation of the informant uninterrupted. It is thus more than mere speculation that the informant's testimony would be relevant, and Brown's assertion that the informant's testimony would have aided his defense cannot be rejected out of hand.

When a defendant has attempted to subpoena, by name, a person who he believes was the confidential informant in his case, a trial court must be firmly convinced that the witness would not in any way assist the defendant's case before quashing the subpoena of such witness. In order to strike a proper balance between the state's interest in the " ' * * * furtherance and protection of the public interest in effective law enforcement,' " *State v. Roe* (1971), 26 Ohio St.2d 243, 246, 55 O.O.2d 480, 482, 271 N.E.2d 296, 298, and a defendant's right under the United States and Ohio Constitutions to have the court compel the attendance of witnesses who may provide testimony that is material and favorable to the defendant, see *United States v. Valenzuela–Bernal* (1982), 458 U.S. 858, 102 S.Ct. 3440, 73 L.Ed.2d 1193, a trial court should enforce the subpoena at least for the limited purpose of conducting an *in camera* examination of the witness, unless it is manifestly clear that the testimony will in no way aid the defendant. Without making such an inquiry, the court will be unable to determine whether the person subpoenaed is indeed the confidential informant involved in the case, or to determine whether the need for that informant's testimony outweighs the state's interest in preserving the informant's identity. In the instance in which the witness has *exculpatory* testimony to give, the need for the testimony will generally outweigh the state's interest in identity preservation.

We contrast the situation presented by the present case with that in which the defendant has not attempted to subpoena by name an individual he believes served as a confidential informant, but rather has merely requested the disclosure of the name of the informant. In that instance, as was the case in *Williams*, the burden is on the defendant to show that the need for the testimony of the informant outweighs the government's interest in keeping the identity of the informant secret. When the defendant demonstrates that the testimony would be vital to establish an element of the crime, or that the testimony would be helpful or beneficial, that burden is fully discharged.

When, as in the case at bar, the government seeks to quash the subpoena, it bears the burden of demonstrating that the informant's testimony would not aid the defendant. In order to properly balance the defendant's right to

compulsory process against the government's interest in confidentiality in light of the government's burden, it is essential to a fair trial for both the defendant and the government that the court examine the subpoenaed witness *in camera* to assess the scope and tenor of his or her testimony before granting or denying the motion to quash. In the event that a defendant is wholly unable to rebut the state's certain argument that the witness's testimony will not aid the defense,[1] or if the state submits evidence that the person subpoenaed is not the informant in the case, the trial court is permitted to forgo this important step.

Because the trial court failed to examine the subpoenaed witness prior to quashing the subpoena, we agree with the court of appeals that the appellee's right to compulsory process was violated and that this cause should be remanded for a new trial. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, DOUGLAS and H. BROWN, JJ., concur.

RESNICK, J., concurs in judgment only.

HOLMES, J., dissents.

HOLMES, J., dissenting. I am in agreement with the majority that the controlling precedent is *State v. Williams* (1983), 4 Ohio St.3d 74, 4 OBR 196, 446 N.E.2d 779. However, while paying lip service to the syllabus in *Williams*, the majority has effectively and in cavalier disregard of the policies underlying that decision, undermined the public's interest in protecting the anonymity of confidential informants. For this reason, I dissent.

Before arriving at our syllabus in *Williams*, we recognized two competing interests: (1) the state's right in maintaining the anonymity of its informants and (2) the accused's right to confront and cross-examine the state's witnesses. In order to compel disclosure of a confidential informant, we held that the

---

1. In *Williams, supra,* the transaction was witnessed in its entirety by a police officer who was in close proximity to the event. At all times, the informant's hands were in plain sight so as to eliminate the possibility that the informant switched the packet given to him by defendant Williams for one containing cocaine. Additionally, the identity of Williams was confirmed by three officers who observed the transaction. Under those facts, which differ considerably from the case at bar, the testimony of the informant would likely not have aided the defendant, unless the defendant had raised a defense of entrapment, which he did not. Thus, even if the defendant in *Williams* had attempted to compel the testimony of someone he believed was the confidential informant involved in the drug transaction, the trial court could have reasonably concluded, without an *in camera* examination, that the testimony would not have assisted the defendant.

defendant was required to demonstrate either that the informant's testimony is "vital to establishing an element of the crime" or that the testimony of the informant "would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." *Id.* at syllabus. In either instance, it is incumbent on the defendant to make the requisite specific showing. Properly applied, *Williams* places the burden on the *defendant* to oppose the prosecution's efforts to quash a subpoena by demonstrating that his or her interest in revealing the informant's identity outweighs the need for secrecy.

Before the defendant can overcome the government's privilege to refrain from disclosing the identity of an informant, other courts have required *the defendant* to make a specific showing of how the informant's testimony would significantly aid him in establishing an asserted defense. See *United States v. Diaz* (C.A.5, 1981), 655 F.2d 580, 588. " * * * [S]peculation regarding what an informant might possibly testify to is not sufficient to require disclosure." *United States v. Halbert* (C.A.10, 1982), 668 F.2d 489, 496. See, also, *State v. Butler* (1984), 9 Ohio St.3d 156, 9 OBR 445, 459 N.E.2d 536 (Even where the defense is entrapment, the defendant is required to plead specific facts before a trial judge is required to order divulgence of the informant's identity.).

The majority has entirely relieved the accused of this burden by permitting in all cases an *in camera* interrogation of the confidential informant where the prosecution has failed to show that "it is manifestly clear that the testimony will in no way aid the defendant." As the law now stands, the informant's identity will be revealed to defense counsel and the court upon mere speculation that the informant has exculpatory evidence to give. In all like cases to follow, the prosecution will have to demonstrate that the testimony of the informant is not needed to establish an element of the crime, and would not be beneficial in any way to the defense of the charges.

The case *sub judice* does not involve a situation where, before the accused can be found guilty beyond a reasonable doubt, the prosecution must introduce the testimony of a confidential informant. Unlike *State v. Phillips* (1971), 27 Ohio St.2d 294, 56 O.O.2d 174, 272 N.E.2d 347, a case in which we ordered disclosure of the informant's identity because the informant was the sole witness to the sale of drugs, the drug transaction involving the appellee was witnessed by an undercover agent. The agent testified that he saw the informant hand appellee a twenty dollar bill. By turning around as much as possible without looking suspicious and by looking into his rear view mirror, the agent was able to observe appellee place an item in the informant's hand, which was later examined and found to be crack cocaine. On the basis of this evidence, appellee could properly be convicted of aggravated trafficking. It was not necessary for the state to present the testimony of the confidential

informant. Had appellee been able to give an argument as to why the informant's testimony was material to his innocence, appellee would clearly have been entitled to subpoena this witness. In this scenario the scope of the "informant's privilege" would properly be restricted by the defendant's right to a fair trial.

Since I believe that appellee failed to demonstrate that his interest in presenting the confidential informant as a witness on his behalf, his right to compulsory process under both the United States and Ohio Constitutions was not violated.

Accordingly, I would reverse the judgment of the court of appeals.