JOURNAL ENTRY AND OPINION
Appellant, The City of Cleveland, is appealing the Cleveland Municipal Court's order granting appellee-Marie Laylle's motion to suppress. For the following reasons, we reverse and remand.
Appellee was charged with driving under the influence and several traffic violations. On September 1, 1998, appellee filed a motion to suppress any sobriety tests, statements made by appellee, photographs or videotapes, or observations of the police officer. Appellee asserted, among other arguments, that the checklist forms and log books recording the results of the breath tests were not maintained in accordance with Ohio Admin. Code 3701-53-01 (A). Appellee's expert examined the log book, and found no entry for appellee.
The parties appeared before the court on September 1, 1998. The prosecutor stated that the First District Police Department had two log books, and appellee appeared in one of them. When the prosecutor went to the police station with appellee's expert, she was unaware that the second log book existed. The trial judge decided to hold a hearing at a later time in order to determine why two log books existed, and whether appellee's expert should be required to go back to the police station. The judge stated, "Then, we will make a decision on the motion as to whether or not the motion will take place."
On September 3, 1998, another hearing took place. Officer Elizabeth Burton of the Cleveland Police Department testified that one log book was maintained on the original machine. A second log book was started for the new BAC Datamaster machine. If the police officer performing the test was aware of the two books, he would put test records in both books. Sometimes officers from other districts are not aware of the two books, and only put records in one book.
The trial judge granted the motion to suppress because it was not reasonable to require appellee to duplicate the expense of having the expert go to the police station to examine the other log book. The suppression was limited to the breathalyzer test, and appellee withdrew the remainder of the motion. The prosecution objected.
Appellant's sole assignment of error states:
 THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED THE CITY OF CLEVELAND AN OPPORTUNITY TO RESPOND TO THE DEFENDANT-APPELLEE'S MOTION TO SUPPRESS.
The trial court's order granting a motion to suppress must be reversed if the prosecution was not given an adequate opportunity to present its case. State v. Baker (1993), 87 Ohio App.3d 186,192; see also Dayton v. Dabney (1994), 99 Ohio App.3d 32, 39. The Local Rules of the Cuyahoga County Court of Common Pleas provide that briefs in opposition shall be filed within seven days after the motion was filed. Local Rules of the Cuyahoga County Court of Common Pleas, Loc. R. 11 (C). The trial court ruled on the motion to suppress only two days after it was filed. A trial court abuses its discretion when it rules on a motion prior to the court's stated response deadline. See, Mackey v. Steve BarryFord, Inc. (May 30, 1991), Cuyahoga App. No. 58681, unreported.
Additionally, the trial court stated that the purpose of the September 3, 1998 hearing was only to hear evidence on whether appellee's expert should return to the police station. It was indicated that the judge would then decide whether or not to have a hearing on the motion to suppress. The trial court granted the motion to suppress on September 3, depriving the prosecution of the opportunity to present its case against suppression.
Accordingly, this assignment of error is sustained.
The decision of the trial court is reversed. This case is remanded for further proceedings in conformance with this opinion.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, J., AND CORRIGAN, J., CONCUR
 ______________________________ ANN DYKE PRESIDING JUDGE