JOURNAL ENTRY AND OPINION
Jack Hinkel appeals from a judgment of the common pleas court denying his motion to suppress drugs and criminal tools seized pursuant to a search warrant. On appeal, he urges that the affidavit used to obtain the warrant failed to establish probable cause that the police failed to knock and announce their presence before entering his home, and that they did not act in good faith upon the information contained in the warrant. After careful review, we disagree, and therefore affirm the judgment of the court.
The record here reveals that on March 4, 1998, Detective James Gilchrist, along with Special Agents Leppla, Westfall, Clayton, Task Force Officer Martin Lenz and Investigator Janice Margreta, all of whom are assigned to the Drug Enforcement Agency, obtained a warrant to search the premises located at 3945 Villa Casa Court, Brunswick, Ohio, which resulted in the confiscation of hundreds of viles of steroids, money and documents reflecting previous shipping and purchasing orders and pricing of steroids. The agents further discovered documents containing a return address located at 10620 Fortune Avenue in Cleveland, Ohio. Based on this information, the agents conducted surveillance of that residence, confirmed its existence, identified an automobile in the driveway as belonging to Jack Hinkel, and based on this activity, obtained a warrant to search the premises located at 10620 Fortune Avenue, in Cleveland, Ohio, on information and belief that it had been used for shipments of steroids.
Detective Gilchrist testified at the suppression hearing that they went to the Fortune Avenue residence, confirmed its existence, located a vehicle belonging to Hinkel parked in the driveway and sought a warrant to search that premises. Further, Gilchrist testified that after obtaining the search warrant, the agents arrived at Hinkel's home, knocked at a side door several times and announced their presence, and after receiving no response from inside the home, the agents entered through the unlocked side door. They encountered Hinkel and another occupant, Danny Jay, and ordered both to the floor. Following a search of the home, the agents seized Methylenedioxymethamphetamine, anabolic steroids, money and a scale.
Thereafter, a grand jury indicted Hinkle for two counts of possession of drugs and one count of possession of criminal tools. Hinkel filed a motion to suppress the evidence seized from his house, alleging the warrant affidavit failed to establish probable cause for its issuance, but the court denied the motion. On July 30, 1999, Hinkel plead no contest, the court found him guilty, and sentenced him to concurrent terms of two years on count one, three years on count two and nine months on count three.
Hinkel now appeals the denial of his motion to suppress and sets forth three assignments of error for our review. The first two relate to the issuance of the warrant and will be considered together. They state:
 I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS EVIDENCE BASED IN PART ON A FINDING THAT THE SEARCH WARRANT AFFIDAVIT CONTAINED FACTS SUFFICIENT TO SUPPORT A PROBABLE CAUSE FINDING.
 II. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION OT(SIC) SUPPRESS BASED IN PART ON A FINDING THAT THE OFFICERS EXECUTING THE SEARCH WARRANT SATISFIED THE KNOCK AND ANNOUNCE REQUIREMENT MANDATED BY LAW.
Hinkel asserts that the affidavit supporting the warrant failed to justify a finding of probable cause to order a search of his home, and that the agents failed to knock and announce their presence prior to entering his home. The state maintains the affidavit sets forth sufficient facts to establish probable cause for the search and also that the agents properly executed the warrant.
Thus, we are concerned with the sufficiency of the affidavit to obtain the warrant and whether the court erred in denying the motion to suppress.
The scope of our review on a motion to suppress is set forth in State v. Curry (1994), 95 Ohio App.3d 93, where the court stated:
 In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. (Citations omitted).
 The Ohio Supreme Court has adopted a "totality of the circumstances" standard to evaluate whether probable cause is set forth in an affidavit. In State v. George (1989), 45 Ohio St.3d 325 the court stated in its syllabus:
 1. In determining the sufficiency of probable cause in an affidavit submitted in support of a search warrant, `[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.
 2. In reviewing the sufficiency of probable cause in an affidavit submitted in support of a search warrant issued by a magistrate, neither a trial court nor an appellate court should substitute its judgment for that of the magistrate by conducting a de novo determination as to whether the affidavit contains sufficient probable cause upon which that court would issue the search warrant. Rather, the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In conducting any after-the-fact scrutiny of an affidavit submitted in support of a search warrant, trial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant. Illinois v. Gates (1983), 462 U.S. 213.
Further, the court in Franks v. Delaware (1978), 438 U.S. 154 stated that to successfully attack the veracity of a facially sufficient search warrant affidavit, a defendant must show by a preponderance of the evidence that the affiant made a false statement, either intentionally, or with reckless disregard for the truth.
In this case, the record reveals a warrant obtained by Investigator Margreta, authorized agents to search the home of Philip Hernon, located at 3945 Villa Casa Court, Brunswick, Ohio. On March 4, 1998, the agents executed that search warrant of Hernon's home and in the course of their investigation, discovered that Hernon had been utilizing Hinkel's address as a return address for several steroid shipments to the western states area.
The record here also contains relevant portions of an affidavit signed by Detective Gilchrist which averred that Phillip Hernon was utilizing 10620 Fortune Avenue in Cleveland, Ohio, as a return address for several steroid shipments to the western states area. Further, that, [i]nformation of the utilization of the above-listed address was confirmed during the execution of the subject search warrant when documents were discovered and seized confirming Hernon's utilization of the 10620 Fortune Avenue address.
In addition, that affidavit also states:
 4. As a result of the investigation and items discovered and seized during the search warrant affiant conducted surveillance on the above-referenced premises on March 4, 1998.
 5. Affiant confirmed the residence's existence and that it was a single family dwelling.
 6. A vehicle, 1988 Mercury Cougar, 2-door, brown in color, bearing Ohio registration ALR 5871, was parked in the driveway of the residence on Fortune. Investigation revealed the vehicle is registered on Jack Hinkle.
 7. * * * Philip Hernon is knowingly and intentionally distributing or possessing with the intent to distribute or possess with the intent to distribute controlled substances, i.e., anabolic steroids * * *.
As an appellate court, we give deference to the trial court's determination of probable cause; based on the information gained through the search of the Brunswick home, we have concluded a fair probability existed that contraband would have been found in Hinkel's home, based in part on the success achieved in the Brunswick search; and Hinkel has failed to show by a preponderance of the evidence that a false statement had been made in obtaining the warrant. Based on all these factors, we conclude that the trial court had a substantial basis for its determination that probable cause existed for issuance of the warrant. Therefore, in this instance, the court properly denied Hinkel's motion to suppress.
Regarding Hinkel's claim that the agents did not knock and announce their presence before entering his home, we note that the court in State v. Baker (1993), 87 Ohio App.3d 186, stated that the knock and announce rule only applies if the police break down a door to enter.
In this case, Detective Gilchrist testified at the suppression hearing that before entering the Fortune Avenue premises, either Agent Leppla or Agent Westfall knocked and stated Police officer, search warrant, that the agents waited approximately one and one-half minutes before entering the residence and that they did not have to break the door down, but rather, they entered through an unlocked side door.
Hinkel, on the other hand, testified that he heard two loud bangs and saw the door fly open, observed an agent kick Danny Jay in the head and ordered the two to lay on the floor. He further testified that the agents did not announce their presence prior to entering his home.
The trial court is in the best position to resolve questions of fact and to evaluate witness credibility. See Curry, supra. Here, the court believed Detective Gilchrist's testimony and determined that the agents did knock and announce their presence before entering Hinkel's home. Based on the evidence presented we have concluded the trial court determination is supported by credible evidence. Accordingly, these assignments of error are not well taken.
 III. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO SUPPRESS BASED IN PART ON A FINDING THAT THE EXECUTING OFFICERS ACTED IN A GOOD FAITH RELIANCE ON THE INFORMATION ON THE SEARCH WARRANT.
Based on our resolution of the first assignment of error, this assignment is moot and we need not consider it. See App.R. 12(A)(1)(c). Accordingly, the judgment of the court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ________________________________________ TERRENCE O'DONNELL, PRESIDING JUDGE
KENNETH A. ROCCO, J., CONCURS; and ANNE L. KILBANE, J., DISSENTS (WITH DISSENTING OPINION).