OPINION
{¶ 1} Defendant-appellant, Gregory Allen Stevenson, appeals his conviction in the Warren County Court of Common Pleas for aggravated drug trafficking.
 {¶ 2} Appellant was indicted in March 2003 on one count of aggravated drug trafficking with a firearm specification and one count of carrying a concealed weapon. The charges stemmed from an incident that occurred on February 11, 2003 wherein appellant, while in the Target Store parking lot in Middletown, Ohio, allegedly sold 130 tablets of Oxycotin to an undercover police officer in exchange for $2,400. Prior to the transaction, appellant had a telephone conversation with a confidential informant but did not know the informant's name. The informant helped set up the transaction with Avery Barrow, a co-defendant, who then involved appellant. The informant was present at the transaction but did not participate in it. Rather, the undercover officer dealt directly with appellant. Likewise, Barrow was present at the transaction (he was a passenger in appellant's car) but did not participate in it.
 {¶ 3} On July 30, 2003, appellant filed a pretrial motion to compel the state to disclose, inter alia, the identity of the confidential informant on the ground that it might help establish an entrapment defense. The state refused to disclose the informant's identity on the grounds that (1) the transaction was arranged between the informant and Barrow, and Barrow was the one who involved appellant in the transaction, and (2) the record showed appellant was predisposed to commit the offense.
 {¶ 4} On August 11, 2003, on the day the matter was set for a jury trial, the trial court held a brief hearing on appellant's motion before denying it. Subsequently, appellant pled no contest to one count of aggravated drug trafficking, a second-degree felony, and one count of carrying a concealed weapon, a fourth-degree felony. In exchange for the plea, the state agreed to dismiss the firearm specification. The trial court sentenced appellant to a two-year prison term on the aggravated drug trafficking count, the minimum term for a second-degree felony, and to a concurrent twelve-month prison term on the carrying a concealed weapon count. Appellant now appeals, raising three assignments of error.
 Assignment of Error No. 1: {¶ 5} "The trial court abused its discretion to the prejudice of appellant when it denied appellant's request that the prosecutor disclose the identity of the confidential informant."
 {¶ 6} Appellant claims that the trial court erred by not ordering the state to disclose the identity of the confidential informant so that he could prove his defense of entrapment. We disagree.
 {¶ 7} An accused is entitled to the disclosure of the identity of a confidential informant when "the testimony of the informant is vital to establishing an element of the crime or would be helpful or beneficial to the accused in preparing or making a defense to criminal charges." State v. Williams
(1983), 4 Ohio St.3d 74, syllabus. The defendant bears the burden of establishing the need for disclosure. State v. Parsons
(1989), 64 Ohio App.3d 63, 69. Something more than speculation about the possible usefulness of an informant's testimony is required. Id. The mere allegation of entrapment is not, alone, sufficient to require disclosure of a confidential informant's identity. State v. Butler (1984), 9 Ohio St.3d 156, 157.
 {¶ 8} In addition, a trial court's decision regarding the disclosure of a confidential informant's identity will not be reversed on appeal absent an abuse of discretion. State v.Feltner (1993), 87 Ohio App.3d 279, 282. An abuse of discretion means more than a mere error of law or judgment; it implies an attitude on the part of the trial court that is arbitrary, unreasonable, or unconscionable. Id., citing State v. Adams
(1980), 62 Ohio St.2d 151.
 {¶ 9} At the hearing on the motion to disclose the informant's name, appellant's attorney argued that the disclosure was needed because "we feel that the evidence in any event would be favorable to us. It may lead to an entrapment, but it may lead to other information, also. We are in a position of not knowing * * *. Mr. Barrow knows what this information is and we do not know and where it would lead, I am unprepared to say."
 {¶ 10} The trial court denied appellant's motion, stating: "The defense is based on what your client knew and since Mr. Barrow is the one that supposedly involved your client in this transaction[.] * * * By his own testimony and Mr. Barrows' testimony and the police officer is apparently going to testify that he dealt directly with your client, that the confidential informant at the scene of the crime has nothing to do with entrapping your client, so, the identity of the informant, does not — I fail to see how it assists you — you suggest that it might lead to favorable evidence. Well, that is not the criteria for disclosing a confidential informant. * * * [Y]ou don't get to know the identity unless you can specifically show me that your client is not going to be able to defend against these charges and I don't see how that is the situation here."
 {¶ 11} We find that the trial court did not abuse its discretion by denying appellant's motion to disclose the identity of the confidential informant. Appellant presented no evidence at the hearing or in his motion sufficient to support the defense of entrapment. First, while the informant was present at the transaction, he did not participate in it. Rather, appellant dealt directly with the undercover officer. See State v.Williams (1983), 4 Ohio St.3d 74 (informant's testimony not critical when crime took place in full view of police officer). Second, the transaction was arranged between the informant and Barrow, and Barrow was the one who involved appellant in the transaction.
 {¶ 12} Finally, while appellant had a telephone conversation with the informant sometime before the transaction, there is no record of what occurred between him and the informant that might constitute entrapment. The only one in court who knew the details of the conversation between appellant and the informant was appellant himself. "The trial judge was not required to speculate as to the specifics of [the] conversation and relate them to the defense of entrapment." Butler, 9 Ohio St.3d at 157.
 {¶ 13} We therefore hold that the trial court was correct in refusing to order disclosure of the informant's identity. Appellant's first assignment of error is overruled.
 Assignment of Error No. 2: {¶ 14} "The actions of the prosecuting attorney in refusing to provide certain evidence favorable to the accused is prosecutorial misconduct."
 {¶ 15} Appellant argues that the state's refusal to divulge the identity of the confidential informant was in violation ofBrady v. Maryland (1963), 373 U.S. 83, 83 S.Ct. 1194, constituted prosecutorial misconduct, and as such mandates that appellant's no contest plea be set aside and that appellant be granted a trial.
 {¶ 16} In Brady, the United States Supreme Court held that "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution." Id. at 87. Evidence is material under Brady "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." State v. Johnston
(1988), 39 Ohio St.3d 48, paragraph five of the syllabus. A "reasonable probability" is a probability sufficient to undermine confidence in the outcome. Id.
 {¶ 17} Upon reviewing the record, we find that the state's refusal to disclose the informant's identity did not violateBrady. The state is required to turn over material evidence only if its disclosure presents a reasonable probability that the result of the proceedings would have been different. Appellant has failed to articulate a "reasonable probability" that the outcome of the case would have been different had the identity of the confidential informant been provided. As previously noted, the transaction was set up between the informant and Barrow, and it was Barrow, not the informant, who involved appellant in the transaction. Although present at the scene of the crime, the informant did not participate in the transaction. Instead, appellant dealt directly with the undercover officer. Based on the foregoing, the trial court determined that there was no undisclosed evidence that would support appellant's entrapment defense. We agree with this conclusion. We therefore find that the state's refusal to disclose the informant's identity did not constitute prosecutorial misconduct. Appellant's second assignment of error is overruled.
 Assignment of Error No. 3: {¶ 18} "The actions of defense counsel in failing to inform appellant of court policy regarding plea bargain arrangement is ineffective assistance of counsel."
 {¶ 19} Appellant asserts that there is a well-known policy in the trial court that a plea bargain offered prior to trial must be accepted prior to the day of trial or it will no longer be available on the day of trial. Appellant asserts that although the transcript of the plea hearing on August 11, 2003 (which was also the day the matter was set for a jury trial) is silent as to any previous plea bargain arrangements, he was offered a one-year sentence on August 8, 2003, presumably in exchange for his no contest plea. However, when he pled no contest on August 11, 2003, he was sentenced to two years in prison on the aggravated drug trafficking count. Appellant argues that his trial counsel was ineffective because he never informed him of the "necessity of pleading prior to the day of trial in order to be sentenced to one year."
 {¶ 20} To establish a claim of ineffective assistance of counsel, appellant must show that his trial attorney's performance was deficient and prejudicial. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. To establish deficient performance, appellant must show that under the totality of the circumstances, counsel's representation fell below an objective standard of reasonableness. Id. at 688. A court "must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance." Id. at 689. To establish prejudice, appellant must show that there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different. Id. at 694.
 {¶ 21} Contrary to appellant's assertion that the transcript of the plea hearing is silent as to any previous plea bargain arrangements, appellant's trial attorney briefly referred to "the plea bargain of two years" but did not finish his statement. We also note that appellant has offered no evidence, other than his own assertion, that the trial court has a policy regarding plea deadline. The record is devoid of any pretrial schedule with a plea bargain deadline.
 {¶ 22} We further note that appellant was originally indicted on one count of aggravated drug trafficking, a second-degree felony, with a firearm specification. He later pled no contest to one count of aggravated drug trafficking, again a second-degree felony, but without the firearm specification. The sentencing statute requires a trial court to sentence an offender to a minimum of two years in prison for a second-degree felony. R.C.2929.14(A)(2). By contrast, R.C. 2941.141(A) imposes a one-year mandatory prison term for a firearm specification.
 {¶ 23} As we stated in State v. Pettiford, Fayette App. No. CA2001-08-014, 2002-Ohio-1914: "It is well-settled that the terms of a plea agreement do not bind the discretion of the trial court. In particular, Crim.R. 11 `does not contemplate that punishment will be a subject of plea bargaining, this being a matter either determined expressly by statute or lying with the sound discretion of the trial court.' * * * [A] trial court * * * does not err by imposing a sentence greater that that forming the inducement for the defendant to plead guilty when the trial court forewarns the defendant of the applicable penalties[.] Final judgment on acceptance of a plea agreement and sentencing rests with the discretion of the trial court." Id. at 6-7 (citations omitted).
 {¶ 24} At the plea hearing, the trial court explained to appellant that if it accepted his plea, it would sentence him to two years in prison on the aggravated drug trafficking charge and that appellant would serve the entire two years. Appellant never protested that he had been offered a one-year sentence in exchange for his plea. Rather, when asked if he understood, appellant replied that he did. Appellant then entered a no contest plea.
 {¶ 25} Based upon the record before us, and given the high standard for finding ineffective assistance under Strickland,
we cannot say that appellant's trial counsel's failure to inform appellant of the alleged plea bargain deadline constituted ineffective assistance of counsel. Appellant's third assignment of error is overruled.
Judgment affirmed.
Walsh and Valen, JJ., concur.